IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VALENTIN C. SANCHEZ,<br><br>Defendant. | Case No. 4:10-CR-40022-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Valentin Sanchez's *pro se* Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 212). Sanchez asks the Court to find him eligible for a sentence reduction following the retroactive application of the Fair Sentencing Act of 2010, as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

On December 2, 2010, a jury found Sanchez guilty of conspiring to distribute cocaine (Count 1), possessing cocaine with intent to distribute (Count 2), and being a felon in possession of a firearm (Count 3). At sentencing, District Judge G. Patrick Murphy[1] determined that Sanchez qualified as a career offender based on two prior felony drug convictions, resulting in an offense level of 34 and a criminal history of VI. His guideline range on the drug charges was 262 to 327 months (Docs. 162, 168).

---

[1] Judge G. Patrick Murphy retired in December 2013, and the case was transferred to the undersigned on September 4, 2015 (Doc. 200).

On March 7, 2011, Judge Murphy sentenced Sanchez as a career offender to 262 months on Counts 1 and 2, and 120 months on Count 3, to run concurrently. This sentence was imposed in accordance with the 2010 Guidelines Manual, which as of November 1, 2010, was amended to incorporate the Fair Sentencing Act of 2010. *See* Supplement to the 2010 U.S. SENTENCING GUIDELINES MANUAL (Nov. 1, 2010). Sanchez appealed, and on August 25, 2011, the Seventh Circuit Court of Appeals affirmed the judgment (Doc. 190). Sanchez subsequently filed a Motion to Reduce Sentence based on Amendment 782 to the U.S. Sentencing Guidelines (Doc. 201), which also was denied (Doc. 210).

Sanchez now asks the Court to reduce his sentence in light of Section 404 of the First Step Act. Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who committed their offenses and were sentenced before August 3, 2010. *See* First Step Act, § 404. The Act gives district courts discretion to reduce a defendant's sentence for a crack cocaine offense as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *Id.*

Section 404 of the First Step Act provides, in relevant part:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Here, not only was Sanchez sentenced after August 3, 2010, and under the 2010 Sentencing Guidelines, which incorporated the amendments made by the Fair Sentencing Act, but his offenses do not involve crack cocaine. Thus, the provisions of both the Fair Sentencing Act of 2010 and the First Step Act of 2018 are inapplicable. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019) (crimes involving powder cocaine are not within the ambit of the First Step Act); *United States v. Blocker*, 378 F. Supp. 3d 1125, 1132 (N.D. Fla. 2019) ("[N]othing in the Fair Sentencing Act or First Step Act allows a sentence reduction for a defendant whose offense involved only powder.").

For these reasons, the *pro se* Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 212) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** July 30, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**