IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VALENTIN C. SANCHEZ,

    Defendant.

Case No. 4:10-CR-40022-NJR-1

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Valentin Sanchez is serving a 262-month sentence for conspiracy to distribute and possession with intent to distribute cocaine, as well as possession of a firearm as a felon. Sanchez, who has served more than 14 years of that sentence, now moves for a sentence reduction under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). (Doc. 221). Alternatively, he seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the U.S. Sentencing Guidelines ("U.S.S.G."). (Doc. 220).

The Court appointed counsel to assist Sanchez with his Amendment 821 motion (Doc. 222), and counsel has moved to withdraw (Doc. 229). Separately, the Court ordered the Government to respond to Sanchez's motion for compassionate release. (Doc. 223).

### BACKGROUND

On December 2, 2010, a jury found Sanchez guilty of conspiracy to distribute and possession with the intent to distribute 500 grams or more of cocaine in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Sanchez was sentenced by now-retired District Judge G. Patrick Murphy to a total of 262 months' imprisonment and eight years of supervised release. (Docs. 164, 167). On appeal, the Seventh Circuit Court of Appeals affirmed Sanchez's conviction and sentence. *United States v. Sanchez*, 432 F. App'x 624 (7th Cir. 2011). In 2022, Sanchez filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the undersigned denied as untimely filed. *See Sanchez v. United States* No. 3:22-CV-1400-NJR, 2022 WL 17851624 (S.D. Ill. Dec. 22, 2022).

## DISCUSSION

### I. Amendment 821

In Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."), the U.S. Sentencing Commission amended the provision that assigns criminal history "status points," as well as the provision regarding so-called "zero-point" offenders. Specifically, under Part A of Amendment 821, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence now receives one status point instead of two. A defendant who has six or less criminal history points and who committed the offense of conviction while under any criminal justice sentence now receives no status points. *See* U.S.S.G. § 4A1.1(e). Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve specified aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1.

Upon the Court's order, Assistant Federal Public Defender Ankoor Shah entered

his appearance on behalf of Sanchez to determine whether Sanchez might be eligible for a sentence reduction under either Part A or Part B of Amendment 821. After reviewing the file, counsel determined that Sanchez is not eligible for a sentence reduction. (Doc. 229). Counsel noted that although Sanchez would qualify for a reduction in status points from 16 to 15 under Part A of Amendment 821, he would still fall within the criminal history category of VI. (*Id.*). Moreover, Sanchez's prior convictions make him a career offender, so his criminal history category would be VI regardless of any points enhancement. (*Id.*). Therefore, Sanchez's Guidelines range would remain 262 to 327 months. (*Id.*).

In response, Sanchez acknowledges that the primary emphasis of his motion was for compassionate release under the "unusually long sentence" provision of Amendment 814 to the Sentencing Guidelines, and he does not dispute counsel's determination that he is not entitled to relief under Amendment 821. The Court therefore grants Attorney Shah's motion to withdraw and denies Sanchez's motion for a sentence reduction under Amendment 821.[1]

---

[1] Sanchez questions why counsel only evaluated the merits of his motion under Amendment 821 rather also advocating for compassionate release. The answer to that lies in the Court's procedures for handling motions for sentence reduction. The Court appointed Shah pursuant to Administrative Order 362, which outlined a general procedure for all motions filed pursuant to Amendment 821. As part of that procedure, the Federal Public Defender's Office agreed to enter its appearance in all cases where an Amendment 821 motion had been filed. Thus, the appointment of counsel in this case was limited to Sanchez's motion under Amendment 821. Administrative Order 362 has since been vacated. *See also United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021) (a defendant is not entitled to appointed counsel at public expense when seeking a lower sentence under § 3582(c)).

## II. Compassionate Release

Generally, a court cannot modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). Compassionate release represents a narrow exception to this rule. *United States v. Glover*, No. 04 CR 940, 2024 WL 4753811, at *1 (N.D. Ill. Nov. 12, 2024). Under 18 U.S.C. § 3582(c)(1)(A), a court "may grant a motion for a reduced sentence if (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,' and (3) the reduction is appropriate in light of the [18 U.S.C. § 3553(a)] sentencing factors." *United States v. Black*, 715 F. Supp. 3d 1069, 1073 (N.D. Ill. 2024) (quoting *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023)).

Effective November 1, 2023, the Sentencing Commission promulgated a new policy statement applicable to compassionate release motions filed directly by prisoners. The Sentencing Commission's 2023 policy statement on compassionate release states in relevant part:

> (b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
> * * * *
> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (2023).

Here, Sanchez argues that he received an unusually long sentence of 262 months, he has served more than 10 years of his sentence, and, due to a change in the law, his sentence would be much lower if he were sentenced today. Specifically, Sanchez argues that in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), the Seventh Circuit held that the Illinois controlled substance statute, 720 ILCS § 570/401, defines cocaine more broadly than federal law. Therefore, an Illinois conviction under that statute can no longer serve as a predicate offense for a § 851 enhancement. Sanchez contends that, if he were sentenced today, he would no longer be eligible for an § 851 enhancement and he would receive a much lower sentence.

In response, the Government argues that the Commission's interpretation of "extraordinary and compelling" in § 1B1.13(b)(6) is invalid because it is contrary to the statute's text, structure, and purpose. And, even if it were valid, Sanchez could not establish that § 1B1.13(b)(6) applies to him when *Ruth* is not a change in the law and the sentence Sanchez received is within the range that he would be sentenced to today.

Without deciding whether § 1B1.13(b)(6) is valid,[2] the Court agrees with the Government that § 1B1.13(b)(6) does not apply to Sanchez because *Ruth* is not a "change in the law" for purposes of the compassionate release statute. "The 'basis and authority' for *Ruth* were in place since 1990, when the Supreme Court first laid out the categorical approach in Taylor." *White v. United States*, 8 F.4th 547, 556 (7th Cir. 2021); *see also United*

---

[2] This Court acknowledges that it is currently unsettled whether the Sentencing Commission's interpretation or the Seventh Circuit's interpretation of "extraordinary and compelling" controls. *Compare United States v. Black*, 715 F. Supp. 3d 1069 (N.D. Ill. 2024), *with United States v. Spradley*, 2024 WL 1702873 (S.D. Ind. Apr. 18, 2024).

*States v. King*, No. 13 CR 50063-1, 2024 WL 1639821, at *3 (N.D. Ill. Apr. 16, 2024) ("*Ruth* did not establish new law. It merely employed the categorical approach adopted long ago by the U.S. Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990)."). Indeed, Sanchez could have made a *Ruth*-style argument regarding the categorical approach at sentencing, on direct appeal, or in a motion under 28 U.S.C. § 2255, but he did not.

Because *Ruth* is not a "change in the law" creating an extraordinary and compelling reason for compassionate release under U.S.S.G. § 1B1.13(b)(6), Sanchez is not entitled to relief under 18 U.S.C. § 3582(c)(1)(A).

## Conclusion

For these reasons, the Motion for Compassionate Release (Doc. 221) and the Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582 and Amendment 821 (Doc. 220) filed by Defendant Valentin Sanchez are **DENIED**. Attorney Ankoor Shah's Motion to Withdraw (Doc. 229) is **GRANTED.**

**IT IS SO ORDERED.**

DATED: January 17, 2025

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**